## Case No. 2,652.

CHESAPEAKE & O. CANAL CO. v. ROBERTSON.

[4 Cranch, C. C. 291.][1]

Circuit Court, District of Columbia. March Term, 1833.

CHESAPEAKE & OHIO CANAL COMPANY—RIGHTS OF SUBSCRIBER.

The original subscribers to the Chesapeake and Ohio Canal Company are bound by the alterations of the charter made by subsequent acts of legislation with the consent of the corporation.

This was a motion by C. Cox, for the Chesapeake and Ohio Canal Company, for judgment for an unpaid instalment under the fifth section of the original charter granted by Virginia on the 27th of January, 1824.

Mr. Key, for defendant [Henry B. Robertson].

The original subscribers are not bound by the alterations made by subsequent acts of legislation, although made with the consent of the corporation. The company cannot consent to any alterations that can bind the original subscribers. The subscriptions were made under the act of Virginia of the 27th of January, 1824; the act of Maryland was passed at the December session of 1824, and the act of congress on the 3d of

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

March, 1825. Material alterations have been made by the act of Maryland of the 10th of March, 1827; the Maryland act of December, 1826, and by the act of Virginia of the 25th of January, 1828. (Quaere, February 26, 1828?) These amendments make a new charter. The company afterwards assented to these alterations, but the old subscribers were not members of the company which so assented.

Mr. Key cited the following authorities: The case of Dartmouth College, 4 Wheat. [17 U. S.] 590; Head v. Providence Ins. Co., 2 Cranch [6 U. S.] 127; Gozler v. Georgetown, 6 Wheat. [19 U. S.] 593; Terrett v. Taylor, 9 Cranch [13 U. S.] 43; Rex v. Pasmore, 3 Term R. 240; Wales v. Stetson, 2 Mass. 143; Ellis v. Marshall, Id. 269; Baggs' Case, 1 Rolle, 224; Dom. Civ. Law, 153; Poth. Obl. 565; Korn v. Mut. Assur. Soc., 6 Cranch [10 U. S.] 192; 3 Bac. Abr. 16; Kyd. Corp. 401; Currie v. Mutual Assur. Soc. 4 Hen. & M. 315.

Mr. Cox referred to Angell & Ames on Corporations. The company was first organized on the 20th of June, 1828. All those alterations had then been made. Mr. Robertson has paid all but the twelfth and following instalments. At a general meeting of the company on the 3rd of July, 1828, Mr. Key moved that the company assent to the alterations, and the motion was carried unanimously, the defendant being present, or represented, at the meeting.

THE COURT (nem. con.) overruled the objections, and ordered the judgment to be entered up, with costs.